UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-770(DSD/AJB)

Dominic G. Leomporra,

      Plaintiff,

v.                         **ORDER**

Jet Linx Aviation, Inc.,

      Defendant.

    J. Christopher Cuneo, Esq., John C. Ekman, Esq. and Lindquist & Vennum, 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.

    Diana J. Vogt, Esq. and Sherrets & Boecker, 260 Regency Parkway Drive, Suite 200, Omaha, NE 68114 and Katherine E. Becker, Esq., and Madigan, Dahl & Harlan, 222 South Ninth Street, Suite 3150, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on defendant Jet Linx Aviation, Inc.'s ("Jet Linx") motion to transfer pursuant to 28 U.S.C. § 1404(a). After a review of the file, record and proceedings herein, and for the following reasons, the court denies Jet Linx's motion.

**BACKGROUND**

This employment dispute arises out of Jet Linx's termination of plaintiff Dominic C. Leomporra ("Leomporra") on March 6, 2009. Jet Linx is a Delaware corporation with its principal place of business in Omaha, Nebraska that manages and charters aircraft. Leomporra is a resident of Deephaven, Minnesota and is a former

pilot with over thirty years of experience in the aircraft management business.

The parties entered into an "Executive Employment and Asset Sale Agreement" ("Agreement") on October 15, 2007. The Agreement provided that Leomporra would work full-time at Jet Linx as the Vice President of Managed Aircraft until March 31, 2009. Thereafter, Leomporra would work part-time as an Account Manager until 2012. (Compl. Ex. A. §§ 1.01, 1.02.) Jet Linx could terminate Leomporra's employment immediately at any time for cause. (Id. § 1.01.) Furthermore, pursuant to section 1.01 of the Agreement, after March 31, 2009, Jet Linx could terminate Leomporra upon ninety days written notice if certain profit goals were not reached. (Id. §§ 1.01, 1.05(a).) Leomporra agreed to provide all services from his home office and office space provided by Jet Linx in the Twin Cities metropolitan area. (Id. § 1.02.) The Agreement contained a Nebraska choice of law provision. (Id. § 6.10.)

The parties' relationship deteriorated after Leomporra began work. On January 13, 2009, Jet Linx sent Leomporra a letter notifying him that his employment would be terminated within ninety days pursuant to section 1.01 of the Agreement. (Compl. Ex. B.) Jet Linx later withdrew that notice, conceding that termination under section 1.01 could occur only after March 31, 2009. (Compl. Ex. C.) On March 6, 2009, Jet Linx mailed Leomporra a notice of immediate termination for cause, alleging fourteen different

2

grounds for his termination. (Compl. Ex. D.) That same day, Jet Linx filed a lawsuit against Leomporra in Nebraska state court, seeking a declaration of the parties' rights under the Agreement and asserting claims of fraud and breach of contract.[1] (Ekman Aff. Ex. 2.) In addition, Jet Linx mailed Leomporra an "Amended Relationship" offer, proposing that Leomporra work for Jet Linx as an independent contractor and giving him until March 15, 2009, to accept. (Leomporra Aff. Ex. A.)

Leomporra received the termination letter on March 10, 2009. Three days later, Leomporra filed suit against Jet Linx in Minnesota state court, alleging breach of contract and violation of Minnesota Statutes §§ 181.13 and 181.171. Jet Linx timely removed, and on April 8, 2009, moved to dismiss this action for lack of personal jurisdiction or to transfer it to the United States District Court for the District of Nebraska. One day later, Leomporra moved for a preliminary injunction barring Jet Linx from proceeding with the Nebraska case. At oral arguments on April 24, 2009, Jet Linx withdrew its motion to dismiss for lack of personal jurisdiction and Leomporra withdrew his motion for a preliminary injunction. The court now decides Jet Linx's motion to transfer pursuant to 28 U.S.C. § 1404(a).

---

[1] Leomporra was served with Jet Linx's complaint on March 23, 2009.

**DISCUSSION**

Section 1404(a) "governs the ability of a federal district court to transfer a case to another district." See Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). This section provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court considers three general categories of factors when deciding a motion to transfer: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." The court's evaluation of a motion to transfer, however, is not limited to these factors. Terra Int'l, 119 F.3d at 691. Rather, "such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Generally, a plaintiff's choice of forum is given "considerable deference ... and thus the party seeking a transfer ... bears the burden of proving that a transfer is warranted." Id. at 695. This presumption is particularly strong if the plaintiff resides in the district in which the lawsuit was filed. See Graff v. Qwest Comm'n Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). "Moreover, section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally

4

convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." Id. (citing Van Dusen v. Barrack, 376 U.S. 612, 646 (1964)).

In this case, no defendant resides in Minnesota, material evidence - including financial records, flight logs, correspondence, promotional materials and maintenance logs - is in Nebraska and Nebraska courts have an interest in interpreting contracts governed by Nebraska law.[2] Leomporra, however, is currently unemployed and would experience inconvenience and economic hardship if forced to travel to Nebraska, Jet Linx has not shown that the relevant evidence could not be transported from Nebraska to Minnesota and Minnesota courts have an interest in enforcing the employment contracts of Minnesota residents. Therefore, the court determines that Jet Linx has neither overcome

---

[2] Jet Linx argues that the court must give considerable weight to its choice of forum in Nebraska pursuant to the so-called "first-filed rule." See Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985) (first court in which jurisdiction attached has priority if two courts have concurrent jurisdiction); see also Smart v. Sunshine Potato Flakes LLC, 307 F.3d 684, 687 (8th Cir. 2002) (first-filed a factor that determines which of two concurrent federal court actions proceeds to judgment). This factor, however, does not apply here because the actions are proceeding before two different sovereignties. See Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877, 887 (3d Cir. 1981) (first-filed "has never been applied, and in fact it was never meant to apply where the two courts involved are not courts of the same sovereignty"); see also W. Publ'g Corp. v. Stanley, No. 03-5832, 2004 WL 73590, at *6 n.10 (D. Minn. Jan. 7, 2004) (same).

5

the presumption in favor of Leomporra's choice of forum nor shown that Nebraska would be a more convenient forum than Minnesota.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Jet Linx's motion to transfer [Doc. No. 6] is denied.

Dated: June 1, 2009

s/David S. Doty  
David S. Doty, Judge  
United States District Court